UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES RANDALL       :
                      :
    v.                :    C.A. No. 13-717ML
                      :
JOHN C. KROLLMAN, et al.  :

**REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)**

Before this Court is Plaintiff Charles Randall's ("Plaintiff") pro se Emergency Amended Complaint. (Document No. 5). This Court previously granted Plaintiff's Application to Proceed IFP but Ordered Plaintiff to either file an Amended Complaint that complied with the Federal Rules of Civil Procedure, or risk the dismissal of his Complaint. (Document No. 3). Plaintiff filed his Amended Complaint on May 2, 2014, and the Court is now required by statute to further review Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Amended Complaint (Document No. 5) be DISMISSED WITHOUT PREJUDICE because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff's Amended Complaint, with Exhibits, totals 145 pages. On the whole, the Amended Complaint is poorly organized, repetitive and difficult to comprehend. The Amended Complaint does little to shed light on the claims he seeks to assert against each of the seventeen Defendants. While it is clear that Plaintiff made some effort to comply with the Court's Order, his efforts fall far

short of meeting the requirements of Federal Rule of Civil Procedure 8. As explained below, his fundamental failure to clearly state his claims and to identify which claims he seeks to assert against each Defendant ultimately requires the Court to recommend the Amended Complaint's dismissal.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

In reviewing Plaintiff's Amended Complaint, this Court has taken all of his allegations contained therein as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v.Kerner, 404 U.S. 519,

520-521 (1972). Although Plaintiff's pro se Amended Complaint is held to a less stringent standard than one drafted by a lawyer, his pro se status does not excuse him from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000).

Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the plaintiff's claim(s) showing that he properly states a claim for legal relief; and (3) a demand for judgment, i.e., the damages or other relief sought by the plaintiff. To comply with Rule 8, a complaint must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"The statement should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it....The statement should be plain because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." Laurence v. Wall, C.A. No. 07-066ML, 2007 WL 1875795 at *2 (D.R.I. June 27, 2007) (citations omitted). "Although 'the requirements of Rule 8(a)(2) are minimal...[,] minimal requirements are not tantamount to nonexistent requirements." Uzamere v. United States, C.A. No. 13-505S, 2013 WL 5781216 *15 (D.R.I. Oct. 25, 2013) (quoting Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)). Here, considering the length of Plaintiff's Amended Complaint, as well as the constant repetitions and the overall confusing nature of the Amended Complaint, it clearly fails to comply with Rule 8(a). As drafted, the Amended Complaint does not inform the Defendants or the

Court as to the relevant facts and claims, nor does it permit the Defendants to answer the Complaint and prepare for trial. "In short, as Judge Easterbrook summarized, 'Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

**Conclusion**

For the reasons stated, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 16, 2014